# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA BRUNSWICK DIVISION

| | |
|---|---|
| **ROBBIE DOTSON,** | |
| **Plaintiff,** | |
| v. | **CIVIL ACTION NO. CV210-17** |
| **MIDLAND CREDIT MANAGEMENT INC.,** | |
| **Defendant.** | |

## MIDLAND CREDIT MANAGEMENT, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS AND MEMORANDUM IN SUPPORT THEREOF

**COMES NOW** defendant Midland Credit Management, Inc. ("Midland" or "Defendant"), by and through its undersigned counsel, specifically preserving the right to demand arbitration according to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby files this Motion for Judgment on the Pleadings and Memorandum of Law in Support Thereof requesting dismissal of Plaintiff's complaint, pursuant to Fed. R. Civ. P. 12(c). In support of its motion, Midland respectfully shows the Court as follows:

### I.

### INTRODUCTION AND PROCEDURAL BACKGROUND

Plaintiff's complaint is due to be dismissed because it fails to satisfy the federal pleading standards outlined in Rule 8 of the *Federal Rules of Civil Procedure*. Plaintiff instituted the instant action against Midland by filing a complaint in the State Court of Glynn County, Georgia on December 24, 2009. [*See* Doc. 1, Ex. A.]  On January 29,

1804172 v1

2010, Midland filed a Notice of Removal in this Court, stating that this Court had jurisdiction over this matter pursuant to both 28 U.S.C. §§ 1331 and 1332.

Plaintiff's complaint is very brief and contains no facts to support any of the allegations contained therein. [*Id.*] Without providing any details, Plaintiff states that Midland "has made false statements alleging that Plaintiff was indebted on an account allegedly owed, for an alleged outstanding bill, which said statement is not true, since the Plaintiff has never been indebted to a creditor who has assigned a debt of the Plaintiff to Defendant." [*See id.*, ¶ 2.] Plaintiff states that the publication of the statements has caused Plaintiff harm in an amount not less than $1,000,000.00. [*See id.*, ¶ 3.] In what appears to be his final allegation, Plaintiff states that Midland's actions in obtaining private and confidential information also caused him harm. [*See id.*, ¶¶ 7-8.]

Plaintiff's complaint, and the allegations contained therein, fall woefully short of satisfying the federal pleading standards articulated by the *Federal Rules of Civil Procedure* and clarified by the United States Supreme Court. Without any factual allegations, or even the description of any claims brought against Midland, Midland has not been afforded adequate notice of the claims brought against it in this action. As a result, Plaintiff's complaint is due to be dismissed in its entirety.

## II.

### STANDARD OF REVIEW

The Eleventh Circuit treats Rule 12(c) and Rule 12(b)(6) motions identically. *See Agricredit Acceptance, LLC v. Hendrix*, 32 F. Supp. 2d 1361, 1364 (S.D. Ga. 1998) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)). This

means that the standard of review for each motion is the same. *See Dorsey v. Georgia Dept. of State Road and Tollway Authority SRTA*, No. 1:09-CV-1182-TWT, 2009 WL 2477565, at *5, n. 6 (N.D. Ga. Aug. 10, 2009) ("Since a motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim, courts have noted that the standard in *Twombly* is applicable to motions for judgment on the pleadings."); *see also Boyd v. Peet*, 249 Fed. Appx. 155, 157 (11th Cir. 2007) (citing to *Twombly* in reviewing a Rule 12(c) motion).

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and therefore a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), should be granted when it appears that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992). "When considering a motion to dismiss, all facts set forth in the [Plaintiff's] complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). In order to state a claim for relief, the Federal Rules of Civil Procedure state that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The U.S. Supreme Court explained that the purpose of the rule was to "give the defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). While factual allegations do not have to be detailed, they must contain more than "labels and conclusions;" a "formulaic recitation of the elements of a cause will not do." *Bell*

*Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

The Supreme Court has also recently stated that Fed. R. Civ. P. 8 demands more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted). "Facts that are merely consistent with the Plaintiff's legal theory will not suffice when, without some further factual enhancement, [they] stop short of the line between possibility and plausibility of entitle[ment] to relief." *Weissman v. National Association of Securities Dealers, Inc.*, 500 F.3d 1293, 1310 (11th Cir. 2007) (internal quotations omitted) (quoting *Twombly*, 550 U.S. at 557) (quoting *DM Research, Inc. v. College of American Pathologists*, 170 F. 3d 53, 56 (1st Cir. 1999)). Should Plaintiff fail to "nudge[] [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

### III.

### ARGUMENT

Plaintiff's claims fall well below the pleading floor set by the Federal Rules of Civil Procedure, as well as binding Supreme Court and Eleventh Circuit precedent. Specifically, Plaintiff fails to plead specific facts that could support any of Plaintiff's claims. Federal law sets forth a floor of acceptability beneath which no complaint may travel and makes clear that pleading requires more than conclusory allegations. *See Twombly*, 516 F.3d at 556; *see also Iqbal*, 129 S.Ct. at 1945-50; *Davis v. Coca Cola*

*Bottling Co.*, 516 F.3d 955 (11th Cir. 2008). In *Davis*, the Eleventh Circuit Court of Appeals stated that the purpose of Rule 8(a)(2) of the Federal Rules of Civil Procedure is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Davis*, 516 F.3d at 973 (quoting *Twombly*, 550 U.S. at 555). "To that end, a complaint's '[f]actual allegations must be enough to raise a right of relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555). For example, in *Twombly*, the Supreme Court held that stating a claim under § 1 of the Sherman Antitrust Act required a plaintiff to provide enough factual allegations to suggest that an agreement was reached between the parties. *See Twombly*, 550 U.S. at 556.

Plaintiff's claims in the instant case fall well below the floor set by *Twombly* and *Davis*; therefore, dismissal is proper under the circumstances. Plaintiff has failed to plead specific facts establishing that Midland is liable for any of the claimed violations. The complaint fails to explain both *what* federal or state laws that Midland violated, much less *how* Midland violated those laws.

Plaintiff's complaint states that Midland "made false statements," published the false statements, and obtained private and confidential information about the plaintiff. [*See* Doc. 1, Ex. "A," ¶¶ 2-5, 7-8.] Not once does Plaintiff state what the collection activities consisted of, nor who made the false statements or what was contained within the false statements. Plaintiff does not even articulate what "private or confidential information" was obtained or how it was obtained. These are the types of unadorned "the-defendant-unlawfully-harmed-me" allegations that are specifically prohibited by both *Twombly* and *Iqbal*. *See Twombly*, 550 U.S. at 556; *Iqbal*, 129 S.Ct. at 1945-50.

Federal district courts in Georgia have demonstrated that such "ambiguous" and "conclusory" complaints are due to be dismissed. *See Walker v. SunTrust Bank of Thomasville, GA*, No. 7:07-cv-173, 2008 WL 4004714, at *4 (M.D. Ga. Aug. 26, 2008).

Moreover, and perhaps most significantly, Plaintiff's complaint lacks any "claim" whatsoever. [*See* Doc. 1, Ex. "A."] Plaintiff's complaint contains an amorphous mush of allegations, but none are properly divided into any cognizable claim. In fact, the closest Plaintiff comes to bringing any cognizable claim is merely to state that Midland violated "Plaintiff's rights under State and Federal law." However, Plaintiff fails to state *what* state or federal law. Certainly this vague pleading is not what the drafters of the *Federal Rules of Civil Procedure* had in mind when requiring a "short and plain statement of the *claim*." Fed. R. Civ. P. 8(a)(2) (emphasis added). Georgia federal courts have dismissed complaints containing much more substance than Plaintiff's.

In *Hernandez Auto Painting and Body Works, Inc. v. State*, this Court dismissed a Plaintiff's Unfair and Deceptive Trade Practices Act ("UDTPA") claim because the claim "fail[ed] to even state the elements of a claim under the UDTPA, including which code section Defendant may have violated, [or] factual allegations that support these elements." No. CV-408-256, 2009 WL 2952066, at *4 (S.D. Ga. Sept. 14, 2009) (Moore, C.J.). The court stated that the absence of factual allegations or elements of a claim failed to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests" and refused to consider Plaintiff's arguments made in its response to the defendant's motion to dismiss. *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Williams v. Chisholm*, No. CV-409-048, 2009 WL 3483585, at *2 (S.D. Ga. Oct. 28, 2009)

(Moore, C.J.) (dismissing complaint under *Twombly* standard when complaint did not "described any wrongdoing on the part" of either defendant).  Plaintiff's complaint contains far fewer factual and legal allegations than those in *Hernandez* and *Williams* and, therefore, it should not be permitted to survive a Fed. R. Civ. P. 12(c) motion.

Plaintiff's failure to properly satisfy Rule 8's pleading standard has prohibited Midland from receiving "fair notice of what [P]laintiff's claim is and the grounds upon which it rests."  *See Conley,* 355 U.S. at 47 (1957).  As such, Plaintiff's complaint should be dismissed, with prejudice.

### IV.

### CONCLUSION

Based on the foregoing, Midland respectfully requests that this Court grant Midland's motion and issue an Order dismissing Plaintiff's complaint in its entirety, with prejudice.

Respectfully submitted,

**s/ Hugh Peterson III**
Hugh Peterson III
Georgia Bar No. 574212
hpeterson@mcnattandgreene.com
**McNATT, GREENE AND PETERSON**
P.O. Drawer 1168
602 Church Street
Vidalia, Georgia 30475
Telephone: (912) 537-9343
Email: hmcnatt@mcnattandgreene.com

John Michael Kearns
*Pro Hac Vice to be Filed*
Georgia Bar No. 142438
jkearns@burr.com
**BURR & FORMAN LLP**
171 Seventeenth Street, N.W., Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

**Attorneys for Defendant**

**CERTIFICATE OF SERVICE**

This is to certify that I have this day electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

W. Douglas Adams
1829 Norwich Street
Post Office Box 857
Brunswick, Georgia  31521-0857

This 29th day of January, 2010.

        **s/ Hugh Peterson III**
        Hugh Peterson III
        Georgia Bar No. 574212
        hpeterson@mcnattandgreene.com
        **McNATT, GREENE AND PETERSON**
        P.O. Drawer 1168
        602 Church Street
        Vidalia, Georgia 30475
        Telephone: (912) 537-9343
        Email: hmcnatt@mcnattandgreene.com

        John Michael Kearns
        *Pro Hac Vice to be Filed*
        Georgia Bar No. 142438
        jkearns@burr.com
        **BURR & FORMAN LLP**
        171 Seventeenth Street, N.W., Suite 1100
        Atlanta, Georgia 30363
        Telephone: (404) 815-3000
        Facsimile: (404) 817-3244

        **Attorneys for Defendant**