# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA BRUNSWICK DIVISION

| | | |
|---|---|---|
| **ROBBIE DOTSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | CV210-17 |
| **MIDLAND CREDIT MANAGEMENT INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER OF DEFENDANT MIDLAND CREDIT MANAGEMENT, INC. TO PLAINTIFF'S AMENDED COMPLAINT

**COMES NOW** defendant Midland Credit Management, Inc. ("Midland"), by and through its undersigned counsel, specifically reserving its right to seek arbitration of plaintiffs' claims pursuant to 9 U.S.C. § 1, *et seq.*, and specifically incorporating its responses to Paragraphs 1 through 9 of Robbie Dotson's ("Plaintiff") initial complaint, states as follows:

### COUNT II (SIC)

### INVASION OF PRIVACY

10. *See* Midland's motion to dismiss filed contemporaneously herewith.

11. *See* Midland's motion to dismiss filed contemporaneously herewith.

12. *See* Midland's motion to dismiss filed contemporaneously herewith.

13. *See* Midland's motion to dismiss filed contemporaneously herewith.

14. *See* Midland's motion to dismiss filed contemporaneously herewith.

15. *See* Midland's motion to dismiss filed contemporaneously herewith.

16. *See* Midland's motion to dismiss filed contemporaneously herewith.

17. *See* Midland's motion to dismiss filed contemporaneously herewith.

## COUNT III

## THE FAIR DEBT COLLECTION PRACTICES ACT

18. Midland reincorporates its previous responses as if fully set out herein.  Midland also denies the allegations set forth in Paragraph 18 of Plaintiff's Amended Complaint and demands strict proof thereof.

19. Midland denies the allegations set forth in Paragraph 19 of Plaintiff's Amended Complaint and demands strict proof thereof.

20. Midland denies the allegations set forth in Paragraph 20 of Plaintiff's Amended Complaint and demands strict proof thereof.  Midland further denies that Plaintiff is entitled to any judgment, actual damages, statutory damages, attorney's fees, costs or other relief whatsoever and demands strict proof thereof.

## COUNT IV

## THE PLAINTIFF'S CLAIMS UNDER THE FAIR CREDIT REPORTING ACT

21. Midland reincorporates its previous responses as if fully set out herein.  Midland also denies the allegations set forth in Paragraph 21 of Plaintiff's Amended Complaint and demands strict proof thereof.

22. *See* Midland's motion to dismiss filed contemporaneously herewith.

23. Midland is without sufficient information to admit or deny the allegations and averments contained in Paragraph 23 of Plaintiff's Amended Complaint, and, therefore, denies the same and demands strict proof thereof.

## COUNT IV

## DEFAMATION

24. *See* Midland's motion to dismiss filed contemporaneously herewith.

25. *See* Midland's motion to dismiss filed contemporaneously herewith.

26. *See* Midland's motion to dismiss filed contemporaneously herewith.

27. *See* Midland's motion to dismiss filed contemporaneously herewith.

28. *See* Midland's motion to dismiss filed contemporaneously herewith.

29. *See* Midland's motion to dismiss filed contemporaneously herewith.

30. *See* Midland's motion to dismiss filed contemporaneously herewith.

31. *See* Midland's motion to dismiss filed contemporaneously herewith.

32. *See* Midland's motion to dismiss filed contemporaneously herewith.

33. *See* Midland's motion to dismiss filed contemporaneously herewith.

34. *See* Midland's motion to dismiss filed contemporaneously herewith.

35. *See* Midland's motion to dismiss filed contemporaneously herewith.

## COUNT V

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36. *See* Midland's motion to dismiss filed contemporaneously herewith.

37. *See* Midland's motion to dismiss filed contemporaneously herewith.

38. *See* Midland's motion to dismiss filed contemporaneously herewith.

39. *See* Midland's motion to dismiss filed contemporaneously herewith.

40. *See* Midland's motion to dismiss filed contemporaneously herewith.

In response to the prayer for relief following Paragraph 40 of Plaintiff's Amended Complaint, beginning with WHEREFORE,

    A. The allegations in Paragraph A of Plaintiff's Amended Complaint purport to assert a demand upon the court and do not appear to require a response from Midland. To the extent a response is required, Midland denies the allegations in Paragraph A of Plaintiff's Amended Complaint and demands strict proof thereof.

    B. Midland denies the allegations set forth in Paragraph B of Plaintiff's Amended Complaint and demands strict proof thereof. Midland specifically denies that Plaintiff is entitled to any actual damages, punitive damages, costs, attorney's fees or other relief whatsoever and demands strict proof thereof.

C. Midland denies the allegations set forth in Paragraph C of Plaintiff's Amended Complaint and demands strict proof thereof. Midland specifically denies that Plaintiff is entitled to any injunctive relief or other relief whatsoever and demands strict proof thereof.

D. The allegations in Paragraph D of Plaintiff's Amended Complaint purport to assert a demand upon the court and do not appear to require a response from Midland. To the extent a response is required, Midland denies the allegations in Paragraph D of Plaintiff's Amended Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claims against Midland are subject to arbitration.

### SECOND DEFENSE

Plaintiff's claims against Midland fail to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiff's claims against Midland are barred by the applicable statute of limitations and laches.

## FOURTH DEFENSE

Plaintiff's claims against Midland are barred by the doctrines of unclean hands and estoppel.

## FIFTH DEFENSE

The claims asserted by Plaintiff against Midland are barred by any bankruptcy case filed by Plaintiff, based on the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, and release.  Moreover, as a result of any such prior proceedings, Plaintiff is not the real party in interest to bring the present claims and lacks standing to pursue the causes of action.

## SIXTH DEFENSE

Plaintiff has failed to mitigate his damages.

## SEVENTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Midland denies, was due to the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability of Midland.

## EIGHTH DEFENSE

Plaintiff's alleged injuries were the result of an intervening or superseding cause or the acts or omissions of third parties over which Midland had no responsibility or control and for which Midland may not be held liable.

## NINTH DEFENSE

All of Midland's actions have been in accordance with the applicable state and federal laws to the fullest extent that they are applicable.

## TENTH DEFENSE

Any violation of the FDCPA or FCRA, which Midland denies, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

## ELEVENTH DEFENSE

Midland's conduct was in good faith and in conformity with a formal opinion of the Federal Trade Commission.

## TWELFTH DEFENSE

Midland pleads the defense of lack of causal relation between its conduct and the damages alleged.

## THIRTEENTH DEFENSE

Midland's actions were protected by the First Amendment of the United States Constitution.

## FOURTEENTH DEFENSE

Midland pleads the truth.

## FIFTEENTH DEFENSE

Midland pleads justification.

## SIXTEENTH DEFENSE

Plaintiff's claims against Midland are preempted, barred and/or limited by federal law, including, without limitation, 15 U.S.C. § 1681, *et seq.*

## SEVENTEENTH DEFENSE

Midland affirmatively asserts that there is no expectation of privacy in a debt.

## EIGHTEENTH DEFENSE

Midland denies that it is guilty of any conduct which would entitle Plaintiff to recover punitive damages.

## NINETEENTH DEFENSE

Plaintiff cannot recover for mental pain and suffering, emotional distress, or similar damages, if any, in that there is no fixed, objective and/or clear and consistent standard under Georgia or Federal law for ascertaining the amount thereof, such that any award of said damages against Midland would violate the Fifth and Fourteenth Amendments to the United States Constitution and also the Georgia Constitution, which prohibit deprivation of life, liberty, or property, except by due process.

## TWENTIETH DEFENSE

Plaintiff's complaint fails to state any claim for which punitive damages may be awarded.

## TWENTY-FIRST DEFENSE

Midland avers that an award of punitive damages in this case would serve no purpose for which punitive damages can be awarded in Georgia.

## TWENTY-SECOND DEFENSE

Plaintiff's claims for punitive damages against Defendants cannot be upheld to the extent they are violation of any law passed by the United States Congress or the Georgia Legislature limiting awards of punitive damages or the amount of such damages, including but not limited to Ga. Code Ann. § 51-12-5.1

## TWENTY-THIRD DEFENSE

Plaintiff's claims for punitive damages against Midland cannot be upheld, because an award of punitive damages under Georgia law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Georgia law would violate Midland's due process rights guaranteed by the United States Constitution and by the due process provisions of the Georgia Constitution.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims for punitive damages are barred, in whole or in part, to the extent an award of any such punitive damages would be violative of the holdings of, and/or standards set forth in, *BMW of North Am. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678, 149 L. Ed. 2d 674 (2001); *State Farm*

*Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003); and any subsequently entered opinions of the United States Supreme Court addressing punitive damages.

### TWENTY-FIFTH DEFENSE

To the extent not otherwise encompassed by the defenses asserted above, Plaintiff's claims for punitive damages are further barred, in whole or in part, to the extent an award of any such punitive damages would be violative of the United States Constitution or the Georgia Constitution.

### TWENTY-SIXTH DEFENSE

Plaintiff's claims for injunctive relief are barred as such relief is not available to Plaintiff, there is no threat of irreparable injury, Plaintiff cannot demonstrate a substantial likelihood of success, and any threatened injury does not outweigh the harm that an injunction would cause to Midland.

### TWENTY-SEVENTH DEFENSE

Midland reserves the right to assert additional defenses as discovery progresses in this case. To the extent that any of the foregoing allegations in the complaint have not been expressly admitted or denied, they are hereby denied.

          Respectfully submitted,


          **s/ R. Frank Springfield**
          Hugh Peterson III
          Georgia Bar No. 574212
          **McNATT, GREENE AND PETERSON**
          P.O. Drawer 1168
          602 Church Street
          Vidalia, Georgia 30475
          Telephone: (912) 537-9343
          Email: hmcnatt@mcnattandgreene.com

          R. Frank Springfield
          Georgia Bar No. 316045
          **BURR & FORMAN LLP**
          420 North 20th Street, Suite 3400
          Birmingham, Alabama  35203
          Telephone: (205) 251-3000
          Facsimile: (205) 458-5100
          Email:  fspringf@burr.com

          Attorneys for Defendant
          MIDLAND CREDIT MANAGEMENT, INC.

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

W. Douglas Adams
1829 Norwich Street
Post Office Box 857
Brunswick, Georgia  31521-0857

This 22nd day of February, 2010.

        **s/ R. Frank Springfield**
Hugh Peterson III
Georgia Bar No. 574212
hpeterson@mcnattandgreene.com
**McNATT, GREENE AND PETERSON**
P.O. Drawer 1168
602 Church Street
Vidalia, Georgia 30475
Telephone: (912) 537-9343
Email: hmcnatt@mcnattandgreene.com

R. Frank Springfield
Georgia Bar No. 316045
fspringf@burr.com
**BURR & FORMAN LLP**
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
Email:  fspringf@burr.com

Attorneys for Defendant
MIDLAND CREDIT MANAGEMENT, INC.