IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ROBBIE DOTSON,

    Plaintiff,

vs.

MIDLAND CREDIT MANAGEMENT, INC.,

    Defendant.

CIVIL ACTION NO.: CV210-017

## ORDER

Defendant filed a Renewed Motion to Compel Discovery.[1] Plaintiff filed a Response and Defendant filed a Reply. Defendant asserts: 1) that Plaintiff's Interrogatory Responses should be verified; 2) that Plaintiff should be required to fully respond to Interrogatories 5, 6, and 7; 3) that Plaintiff should provide Defendant with copies of the credit reports in his possession; and 4) that Plaintiff should provide Defendant with a privilege log.

I. **Verification of Discovery Responses**

Defendant asserts Plaintiff has failed to verify his supplemental interrogatory responses. Rule 33 of the Federal Rules of Civil Procedure requires that each interrogatory be answered "fully in writing under oath." FED. R. CIV. P. 33(b)(3). Defendant's request that Plaintiff's interrogatory responses be verified is **GRANTED**. Plaintiff is **ORDERED** to verify his supplemental interrogatory responses.

---

[1] Defendant earlier filed a Motion to Compel Discovery, which was denied based on Plaintiff's statement that Defendant would be supplied with the requested discovery. (Doc. Nos. 34, 37).

II. **Response to Interrogatories 5, 6, and 7 and Plaintiff's Credit Report**

Defendant asks this Court to compel Plaintiff to respond to Interrogatory Nos. 5, 6, and 7, and to provide Defendant with credit reports referenced in Plaintiff's deposition. Interrogatory No. 5 states, "Identify every bank, credit union, credit card company or other institution or entity with which you have held an account of any type as of the time of answering these interrogatories and for the preceding 10 years." (Doc. No. 39-1, p. 9). Interrogatory No. 6 states, "Identify every loan or extension of credit that you have applied for during the preceding 10 years by listing the name and address of the potential creditor and the amount of loan or credit you were seeking." (Id. at p. 10). Interrogatory No. 7 states, "For each loan and extension of credit identified in Interrogatory No. 6, state whether each application was approved or denied." (Id.).

On July 29, 2010, this Court entered an order granting dismissal of the portion of Count IV in which Plaintiff alleged inaccurate reporting under 15 U.S.C. § 1681s-2, and Plaintiff's state law claims for defamation and intentional infliction of emotional distress. (Doc. No. 40). Plaintiff's remaining pending claims are that Defendant obtained a copy of Plaintiff's credit report without authorization in violation of the Fair Credit Reporting Act, that Defendant invaded Plaintiff's privacy, and that Defendant violated the Fair Debt Collection Practices Act.

Though Plaintiff's credit history would likely have been relevant in determining whether Defendant furnished inaccurate information to various credit reporting agencies, this claim has been dismissed. Plaintiff's credit history does not appear relevant to any of Plaintiff's pending claims. Therefore, the portion of Defendant's

Motion requesting Plaintiff to provide Defendant with documentation of his credit history and answers to Interrogatory Nos. 5, 6, and 7 is **DENIED**.

III. **Privilege Log**

Defendant asserts that "Plaintiff has asserted claims of privilege throughout his discovery responses, yet has failed to give any indication as to what documents are being withheld due to his claims of privilege." (Doc. No. 42, p. 5).

Rule 26 of the Federal Rules of Civil procedure provides, "When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection," that party must produce a privilege log that "describe[s] the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A)(ii). Georgia federal courts have consistently held that a party withholding discovery on account of an alleged privilege must provide a privilege log. See Wood v. Archbold Medical Center, No. 7:07-CV-109, 2009 WL 3063392, at *1-2 (M.D. Ga. Sept. 17, 2009) (refusing to acknowledge claim of privilege when party submitted insufficient privilege log); Williams v. Taser Intern., Inc., No. 1:06-CV-00051-RWS, 2008 WL 192991 (N.D. Ga. 2008).

According to Defendant, Plaintiff has not produced any privilege log or other document explaining his privilege objections. Plaintiff's response to Defendant's Motion to Compel Plaintiff to provide a privilege log states, "The Defendant's contention that there is some issue about privilege is not well founded." (Doc. No. 14, p. 3). Defendant asserts that Plaintiff's objection to providing responses to fifteen of Defendant's

document requests due to claims of privilege indicates that Defendant's request for a privilege log is, in fact, well founded. Defendant's Motion to Compel Plaintiff to provide Defendant with a privilege log is **GRANTED**. Plaintiff is **ORDERED** to comply with Rule 26(b)(5) and provide Defendant with a privilege log of these documents he claims are protected.

As set forth above, Defendant's Motion to Compel is **GRANTED** in part and **DENIED** in part. A verification of Plaintiff's interrogatory responses and Plaintiff's privilege log shall be provided within fourteen (14) days of the date of this Order.

**SO ORDERED**, this 17th day of August, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE