IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CLERK _____
SO. DIST. OF GA.

ROBBIE DOTSON,

        Plaintiff,

vs.                         CIVIL ACTION NO.: CV210-017

MIDLAND CREDIT MANAGEMENT,
INC.,

        Defendant.

## ORDER

Defendant has filed a Motion in Limine seeking to exclude certain evidence during the trial of this case. Plaintiff has filed a response. The Court rules as follows:

1.      **Referencing or Producing Plaintiff's Credit Report** – Defendant seeks to preclude Plaintiff from producing or referencing his credit report, asserting the report is irrelevant and would constitute hearsay. (Doc. No. 71, pp. 2-5). Plaintiff asserts the credit report is "significant" because "it reveals private and confidential information." (Doc. No. 70, p. 1). Plaintiff also states that the report is not prohibited hearsay.

The claims pending in this lawsuit are that Defendant obtained a copy of Plaintiff's credit report without authorization in violation of the Fair Credit Reporting Act, that Defendant invaded Plaintiff's privacy, and that Defendant violated the Fair Debt Collection Practices Act. This Court denied Defendant's Motion to Compel Plaintiff to produce his credit report to Defendant, determining that it was irrelevant to Plaintiff's pending claims. Moreover, in his response to Defendant's Motion, Plaintiff mentions

that the report "reveals private and confidential information" and "places [him] at risk for identity theft." (Doc. No. 70, pp. 1-2). It is unclear why Plaintiff would want to potentially exacerbate these problems by entering the report into evidence at trial. The Court will not now allow Plaintiff to use the actual report against Defendant at trial, when he previously objected to its production to Defendant. (See Doc. No. 41, pp. 2-3). Though Plaintiff may not enter his credit report into evidence, he will not be prohibited from referencing the report at trial, as an ultimate issue in this case is whether Defendant unlawfully obtained a copy of Plaintiff's credit report. This portion of Defendant's Motion is **GRANTED** in part and **DENIED** in part.

2.      **Testimony Concerning Plaintiff's Credit Worthiness or Loss of Credit Opportunity** – Defendant seeks to exclude any reference to Plaintiff's credit worthiness or loss of credit opportunity because "Plaintiff's only remaining claims are related to Midland's debt collection activities and its attempts to procure Plaintiff's credit report, not its allegedly inaccurate credit reporting." (Doc. No. 71, p. 6). Plaintiff's entire argument for introduction of this evidence is: "The Defendant cites language in a decision of the Magistrate denying the Defendant's Motion to Compel discovery. That language does not establish the parameters of what is relevant evidence in this case." (Doc. No. 70, p. 2). "Evidence which is not relevant is not admissible." FED. R. EVID. 402. Plaintiff has not put forth any argument addressing why this evidence would be relevant.      This portion of Defendant's Motion is **GRANTED**.

3.      **Testimony of Blocked Phone Calls Received By Plaintiff** – Defendant seeks to exclude evidence relating to phone calls received by Plaintiff from blocked or unknown numbers.  Defendant asserts Plaintiff lacks personal knowledge to testify

about the issue and that this evidence's probative value is outweighed by its potential prejudicial effect.   (Doc. No. 71, pp. 6-8).   Though Plaintiff does not have personal knowledge of whether the calls he received came from Defendant, he has knowledge of calls from blocked numbers coming in after he experienced problems with Defendant. Defendant will have the ability to cross examine Plaintiff about these calls, and his lack of confirmation that these calls were, in fact, from Defendant.   The Court finds that Plaintiff has personal knowledge about calls he received from blocked phone numbers and Defendant's ability to cross examine Plaintiff will remedy any potentially prejudicial effect.  This portion of Defendant's Motion is **DENIED**.

4.      **Defendant's Local Rule 8 Violation** – In his response to Defendant's Motion in Limine, Plaintiff requests that this court sanction Defendant for violating Local Rule 8, which prohibits individuals from filing documents containing a person's address, date of birth, or social security number.   In the original filing of its Motion in Limine, Defendant included Plaintiff's address.   Defendant filed another version of its brief, omitting Plaintiff's address, and notifying the court that its disclosure was inadvertent. (See Doc. No. 71).   The Court has since restricted access to Defendant's original filing. Sanctions for Defendant's mistake are not appropriate.

**SO ORDERED**, this 3   day of March, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE